UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSHUA HARRIS, | Case No. 23-CV-0197 (JRT/JFD) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| RAMSEY COUNTY'S COURTS, RAMSEY COUNTY PUBLIC DEFENDANT OFFICE, and ADAM GOLDFINE, | |
| Defendants. | |

This matter is before the Court on Plaintiff Joshua Harris's (1) opening pleading (Dkt. No. 1 ("Complaint")), (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 3 ("IFP Application")), and (3) amended complaint (Dkt. No. 7 ("Amended Complaint")). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends dismissing this action as frivolous and denying the IFP Application as moot.

Mr. Harris is presently detained at Ramsey County's Adult Detention Center ("ADC"). (*See, e.g.*, Dkt. No. 1-1 at 1[1]; Docket.) He is presently the subject of at least five criminal actions in Minnesota state court. (*See* Am. Compl. 3.) The Court received Mr. Harris's Complaint on January 25, 2023. (*See* Docket.) On February 6, 2023, the Court

---

[1] Page citations to filed materials use the pagination provided by the Court's CM/ECF filing service.

received Mr. Harris's IFP Application, and on February 27, 2023, the Court received some supplemental information from Mr. Harris (*See* Dkt. No. 6.)

On March 1, 2023, the Court received the Amended Complaint (*see* Docket), which is now this action's operative complaint. *Cf.* Fed. R. Civ. P. 15(a)(1) (stating, as relevant here, that party can "amend its pleading once as a matter of course" in certain situations). The Amended Complaint names three defendants: (1) "Ramsey's County's Courts," which the Court construes as an attempt to sue the Ramsey County District Court; (2) "Ramsey County's Public Defendant's Office," which the Court construes as an attempt to sue the Second District Management Office of the Minnesota Board of Public Defense, and (3) Adam Goldfine, Mr. Harris's public defender in one or more of his state-court matters. (*See* Am. Compl. 3.)

The Amended Complaint's main thrust is an assertion that Mr. Goldfine "insist[ed]" that Mr. Harris "take a [R]ule 20 [evaluation] in custody" even though Mr. Harris's "mental health was not a problem." (*Id.* at 1.) Mr. Harris alleges that a state court agreed that he "would be held in jail" until he completed the evaluation, and so he was apparently kept at the ADC from June 4, 2022, through July 13, 2022, during which time he missed his brother's funeral and missed two holidays with his family. (*See id.* at 2.) At a later hearing, a state-court judge and Mr. Goldfine informed Mr. Harris that he would no longer have to stay in custody in order to do the Rule 20 evaluation, ascribing the issue simply to the county and a relevant doctor "[having] a problem." (*Id.* at 2.) Mr. Harris was then apparently released from custody (and was later found competent after an out-of-custody Rule 20 evaluation). (*Id.* at 2–3.)

Apart from these allegations, Mr. Harris also reports that he has repeatedly spoken with individuals at the "Public Defender Office" to tell them that he has been receiving ineffective assistance from Mr. Goldfine. (*Id.* at 1–2.) Mr. Harris also refers to a "motion of discovery" that is presumably part of one of his criminal cases. (*Id.*) He suggests that he filed this motion in 2020, but apparently did not get an appropriate response until June 2022. (*See id.*)

For relief, Mr. Harris requests $190 million in damages, and asks that all five of his criminal cases noted above "be [dismissed] or wipe[d] from [Mr. Harris's] record." (*See id.* at 3.)

Mr. Harris filed this action while in custody awaiting state-court criminal proceedings, so he is a prisoner for purposes of 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(c). Under 28 U.S.C. § 1915A(a), district courts "review" any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." This action plainly qualifies. During this review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous . . . ." The U.S. Supreme Court has held that a case is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Williams v. Hopkins*, 130 F.3d 333, 335 (8th Cir. 1997) (quoting *Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994)). Under these standards, Mr. Harris's action is frivolous.

To begin with, the Amended Complaint runs headlong into the Eleventh Amdnement to the U.S. Constitution, under which "the Judicial power of the United States shall

3

not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." Although the Eleventh Amendment uses the phrase "another State," the Supreme Court has made clear that unconsenting States are also immune from their own citizens' federal suits. *See, e.g.*, *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)); *Lors v. Dean*, 746 F.3d 857, 862 (8th Cir. 2014) (same). The point goes to jurisdiction: Eleventh Amendment sovereign immunity generally deprives federal courts of subject-matter jurisdiction over claims against an unconsenting state. *See, e.g.*, *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)); *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (citing cases).

Mr. Harris does not name the State of Minnesota itself as a defendant. but two of the defendants he does name are state agencies. Ramsey County District Court is part of the Minnesota court system. *See* Minn. Const. art. VI (making the state's judicial branch part of the state); Minn. Stat. § 43A.02, subd. 25; *id*. § 480.181, subd. 1. Similarly, the Minnesota Board of Public Defense (including its Second District Management Office) is part of Minnesota's judicial branch as well. *See* Minn. Stat. § 43A.02 (including within judicial-branch definition "Office of the State Public Defender"). As part of the State, both of these Defendants are subject to state sovereign immunity "from suits for any kind of relief." *See, e.g.*, *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *Kaisamba-Kanneh v. Dakota Cnty. Dist. Ct.*, No. 22-CV-2661 (ECT/TNL), 2023 WL 1451561, at *3 (D. Minn. Feb. 1, 2023) (making same point (citing cases)). This Court thus has no jurisdiction to hear Mr. Harris's claims against them, making such claims frivolous.

This leaves the Mr. Harris's claims against Mr. Goldfine. The Court construes Mr. Harris as seeking to bring any relevant claims under the U.S. Constitution. (*See* Am. Compl. 1–2 (referring to alleged ineffective assistance of counsel); *id.* at 3 (claiming violations of Mr. Harris's rights to "life, liberty, and the pursuit of happiness").) To the extent a plaintiff seeks to press claims under the U.S. Constitution, he or she generally cannot sue under the Constitution directly. Instead, one must rely instead on 42 U.S.C. § 1983. *See, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (citing cases); *cf. Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000).

The need to rely on § 1983 eliminates Mr. Harris's claims against Mr. Goldfine. To state a § 1983 claim, a plaintiff must show "'(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571–72 (8th Cir. 2009)). Mr. Harris's claims against Mr. Goldfine fail to meet the first element, because it is well established that individual public defenders are not state actors. Because they are not state actors, their clients cannot sue them for constitutional violations under § 1983. *See, e.g.*, *Waller v. Morris*, 230 F.3d 1365, 1365 (8th Cir. 2000) (per curiam) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Capers v. Sarette*, No. 13-CV-1041 (PJS/JJG), 2013 WL 3716644, at *4 (D. Minn. July 12, 2013) (same). Mr. Harris's claims against Mr. Goldfine, then, are also frivolous.

All of this action's claims, then, are frivolous and the Court recommends dismissing this entire action as frivolous (and with prejudice) under 28 U.S.C. § 1915A. Given this

5

recommendation, the Court further recommends denying the IFP Application as moot. Mr. Harris is still required to pay this action's filing fee, and so the Court further recommends that the authorities where Mr. Harris resides be informed of their obligation to make payments under 28 U.S.C. § 1915(b)(2).

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. This action be **DISMISSED** with prejudice.

2. Plaintiff Joshua Harris's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 3) be **DENIED** as moot.

3. Mr. Harris be required to pay the unpaid balance—here, $350.00—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be required to provide notice of this requirement to the authorities at the institution where Mr. Harris is confined.

Dated: March 12, 2023                     *s/ John F. Docherty*
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).